OPINION
PER CURIAM.
Yogeshwar Seeraj petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the following reasons, we will deny his petition.
I.
Seeraj, a citizen of Guyana, entered the United States unlawfully in 1995. Soon thereafter, he was served with a Notice to Appear charging him with removability as an alien not in possession of a valid unexpired immigrant visa or other valid entry document. See INA § 237(a)(1)(A) [8 U.S.C. § 1182(a)(7)(A) ]. The government later charged him with removability on an additional ground — that he had falsely represented himself to be a United States citizen; specifically, the government claimed that, on two prior occasions, Seeraj had attempted to obtain a United States passport based on a fraudulent identity. See INA § 237(a)(3)(D) [8 U.S.C. § 1227(a)(3)(D) ].
At his removal hearing, Seeraj admitted the allegations against him, but sought to adjust his status on the ground that he was the beneficiary of an approved 1-130 petition filed by his father, who is a lawful permanent resident. See INA § 245(i) [8 U.S.C. § 1255(1) ]. The Immigration Judge (“IJ”) determined, however, that he was ineligible to adjust his status because he was inadmissible under INA § 245(a) for having falsely represented himself as a United States citizen in violation of INA § 237(a)(3)(D) [8 U.S.C. § 1227(a)(3)(D) ]. The IJ further found that there were no waivers available to Seeraj for this particular ground of inadmissibility. By order entered August 8, 2008, the BIA affirmed, without opinion, the IJ’s decision and ordered Seeraj to voluntarily depart the United States.
Seeraj now petitions for review of the BIA’s order.
*889 II.
We have jurisdiction to review the BIA’s final order of removal pursuant to 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA adopts the decision of the IJ without opinion, we review the IJ’s decision as the final agency decision. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir.2003). We review Seeraj’s legal and constitutional questions de novo, but defer to the agency’s reasonable interpretations of statutes it is charged with administering. Silva-Rengifo v. Attorney General, 473 F.3d 58, 63 (3d Cir.2007).
Seeraj first argues that the government failed to provide sufficient evidence to sustain the charges against him. Seeraj admits that he conceded removability on both of the charges, but argues that the IJ “cannot simply rely upon an alien’s admissions in proceedings as a basis to sustain the charges.” (Petitioner’s Br. 8.) Contrary to Seeraj’s contention, however, the applicable regulations clearly permit the IJ to determine removability on the basis of an alien’s admissions. Specifically, 8 C.F.R. § 1240.10, which sets forth the procedures governing removal hearings, provides as follows:
If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent.
8 C.F.R. § 1240.10(c). Thus, once Seeraj admitted his removability, the IJ was free to conclude that the government had met its burden. See, e.g., Selimi v. INS, 312 F.3d 854, 860 (7th Cir.2002) (rejecting alien’s claim that INS failed to establish excludability because alien conceded that he was excludable); Florez-de Solis v. INS, 796 F.2d 330, 333 (9th Cir.1986) (explaining that the government’s burden of proving that an alien is deportable is satisfied when the alien concedes deportability). Seeraj then bore the burden of establishing his eligibility for adjustment of status. Because Seeraj failed to do so, the IJ correctly determined that he was removable as charged.
Next, Seeraj contends that the BIA violated his right to due process by affirming the IJ’s decision without opinion. This Court has previously held, however, that the streamlining regulations that allow the BIA to affirm an IJ’s decision by issuing an order without a separate opinion do not violate due process.[1] Dia v. Ashcroft, 353 F.3d 228, 234-45 (3d Cir.2003) (“The fact that the ... decision is not accompanied by a fully reasoned BIA decision may be less desirable from the petitioner’s point of view, but it does not make the process constitutionally unfair.”)
Accordingly, we will deny the petition for review.

. Pursuant to 8 C.F.R. § 1003.1(a)(7)(h), a single member of the BIA may affirm the IJ's decision without authoring a separate opinion if:
[T]he Board Member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that (A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.